UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BERTHA JIMENEZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 14 C 7539 |
| v. | ) | |
| | ) | |
| NCEP, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Bertha Jimenez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff Bertha Jimenez is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted HSBC Bank Nevada N.A. consumer credit card account. Plaintiff Jimenez is thus a consumer as that term is defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, NCEP, LLC, ("NCEP"), is a limited liability company chartered under Nevada law which does business in Illinois. Its registered agent and office is Advanced Corporate Agent Service, 100 N. LaSalle Street, Chicago, IL 60602. (Exhibit A, Record from the Illinois Secretary of State).

5. NCEP is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. In fact, NCEP conducts business in Illinois.

7. Moreover, NCEP is licensed as a collection agency in Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

8. In fact, NCEP acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred a debt for goods and services used for personal purposes, originally for a HSBC Bank Nevada N.A. consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at §1692a(5) of the FDCPA.

10. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11. NCEP purportedly purchased the alleged debt sometime thereafter.

12. On or about December 1, 2012, NCEP communicated information regarding the alleged debt to the TransUnion consumer reporting agency. (Exhibit C, Excerpt of Plaintiff's TransUnion consumer credit report).

13. NCEP communicated an original balance of $1,223.

14. In fact, the balance of the alleged debt was $1,223 when purchased by NCEP.

15. NCEP subsequently communicated credit information regarding the alleged debt to the Experian consumer reporting agency, alleging a balance in excess of $1,223 as follows:

> $1,315 account balance in September, 2013
> $1,320 account balance in October, 2013
> $1,325 account balance in November, 2013

(Exhibit D, Excerpt of Experian consumer report).

16. In November, 2013, NCEP attempted to collect an additional $102 on the alleged debt.

17. NCEP had no statutory or contractual right to collect an additional $102 on the alleged debt.

18. In fact, NCEP had no statutory or contractual right to collect any additional amounts from Plaintiff on the alleged debt.

19. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

20. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

21. NCEP attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect an additional $102 in interest or fees from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

22. In December, 2013, NCEP inexplicably decreased the account balance, communicating an alleged balance due of $1,223 to the Experian consumer reporting agency. (Ex. D, Experian credit report).

23. Plaintiff had not made any payments toward the alleged debt after the debt went into default that could explain the sudden decrease.

24. Either the credit information communicated by NCEP to the Experian consumer reporting agency in November, 2013—that the balance owed on the alleged debt was $1,325—was false, or the credit information communicated by NCEP in December, 2013—that the balance owed on the alleged debt was $1,223—was false; both amounts cannot be correct, the balance of an alleged debt cannot *decrease* in the absence of any payments.

25. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
> **(A) the character, amount, or legal status of any debt. . . .**

> . . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .

26. By falsely communicating to the amount of the debt it was attempting to collect from Plaintiff, NCEP made materially false, deceptive and misleading statements in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692e(8) of the FDCPA.

27. Plaintiff was confused, and an unsophisticated consumer would be confused, by the varying amounts stated by Defendant as being due from her.

28. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT-PRA

29. Plaintiff re-alleges paragraphs 1-28 as if set forth fully in this count.

30. NCEP attempted to collect an amount not permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1) when it attempted to collect additional money from Plaintiff in excess of the original balance of the alleged debt, without having any statutory or contractual authority to do so.

31. NCEP misrepresented the amount of the alleged debt, and communicated false credit information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(8), respectively, when it communicated a balance that it knew or should have known not to be accurate, to the Experian consumer reporting agency and to Plaintiff, within the year prior to the filing of this Complaint.

32. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the Defendant for the count alleged above for:

- A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);
- B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Michael J. Wood  
Attorney at Law  
Consumer Protection Law Center, Ltd.  
565 W. Adams Street, Suite 635  
Chicago, IL 60661  
ph: 312.757.1880 | fax: 312.476.1383  
mwood@cplc-law.com

By: \s\ Michael J. Wood  
Michael J. Wood